[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant, Kenneth Amara, has moved to strike the Second Count of the complaint and that portion of the prayer for relief requesting exemplary or punitive damages under Connecticut General Statutes § 14-495[1] on the ground that the the Second Count of the Complaint fails to state facts sufficient to support a claim for double and/or treble damages under § 14-495. The court agrees.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989); Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990); Blancato v. Feldspar Corp., 203 Conn. 34,36, 522 A.2d 1235 (1987).
Paragraphs 1-4 and 6-10 of the First Count of the complaint set forth the factual basis for the plaintiff's cause of action in simple negligence as well as the damages allegedly sustained by the plaintiff. Paragraph 5 of the First Count alleges that the defendant, Kenneth Amara was responsible for the injuries sustained by the plaintiff because of his carelessness and negligence.
The Second Count of the complaint purports to set forth a claim arising out of the defendant's alleged recklessness. That Count incorporates by reference paragraphs 1 through 4 and 6 through 10 of the First Count, but alleges no new facts to support the allegation of recklessness. Paragraph 5 of the Second CT Page 5370-III Count alleges that the plaintiff's injuries and damages were caused by the "deliberate or reckless disregard and violations of Connecticut General Statutes Sections 14-218a and 14-222 in the operation of a motor vehicle and that such violations were a substantial factor in causing such injury and damage."
The allegations in the Second Count offer no factual basis for showing that the defendant's conduct was of an evil nature or performed with reckless indifference to the interest of the plaintiff. See Ames v. Sears, Roebuck Co., 8 Conn. App. 642,655, 514 A.2d 352, cert. denied, 201 Conn. 809, 515 A.2d 378
(1986);
To satisfy a claim of recklessness, the reckless party's acts must be alleged to have been done with a reckless indifference to the interests of others. Id.; see also Preferred Remodelers, Inc.v. General Motors Corp., 6 Conn. L. Rptr. 119, 120 (March 4, 1992, Rush, J.), citing Ganim v. Roberts, 204 Conn. 760, 763,529 A.2d 194 (1987).
"A plaintiff cannot transform a negligence count into a count for wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence."Brown v. Branford, 12 Conn. App. 106, 110, 529 A.2d 743 (1987).
The plaintiff has failed to allege any facts to support her claims of recklessness. Therefore, the Motion to Strike the Second Count and the portions of the Prayer for Relief which seek punitive damages and double or treble damages pursuant to Connecticut General Statutes § 14-295 is granted.
By the court,
Aurigemma, J.